

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

~~WIDE WILSON~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable E. E. Davis, Dean
North Texas Agricultural College
Arlington, Texas

Dear Sir:

Opinion No. O-4416
Re: Use of present appropriations after
change of curricula of state educa-
tional institutions of higher learn-
ing.

We have received your letter of recent date which we quote in part as follows:

"As an aid to National Defense, some of the state-supported institutions of higher learning are 'streamlining' their curricula into three semesters of sixteen weeks each to take the place of the customary long session of two semesters of eighteen weeks each plus the usual summer session. I should like to have your interpretation of certain questions due to arise in the administration of this new arrangement.

"1. Legislative appropriations for the long session of nine months contemplates two semesters of eighteen weeks or a total of thirty-six weeks. Under the new arrangement there will be at the close of the two semesters of sixteen weeks each an unexpended balance of approximately one-ninth of the appropriation for salaries for the usual nine-month session of thirty-six weeks. Can this unexpended balance be applied on the ensuing summer session?

"2. Teachers currently employed have contracts for the full session of nine months. Under the new plan it is most likely that all of them will not be needed for longer than eight months — two sixteen-week semesters — since the summer

enrollment in some of the institutions has never
been sufficient to justify the employment of all
the teachers on the long session faculty. In some
instances less than half of the long-session teach-
ers staff is necessary for the summer term.

"It seems to me that we are due to find our-
selves confronted with an embarrassing situation
in which some teachers with bona fide nine-month
contracts and full-sized classes are due for only
eight months of actual employment, which would be
a personal injustice to them and quite demoralizing
to the faculty as a whole. Can teachers who find
themselves in this unfortunate plight be legally
compensated for the full amounts specified in
their current contracts?

". . . ."

This re-arrangement of curricula is in the interest
of national defense, and several of our scholastic institutions
are already operating under the revised plan.

In the present appropriation to the North Texas Agric-
ultural College (Acts 1941, 47th Leg., R. S., Ch. 568, H. B. 272)
it is specified that the salaries of the faculty members are
for "nine months unless otherwise noted."

It is elementary that an item of appropriation may not
be used for any purpose other than that for which it is appro-
priated. Therefore, a salary item for a certain professorship
must be used in payment of such salary and under the conditions
on which it is appropriated. You state in your letter that the
teachers are employed under bona fide contracts. As we do not
have the contracts before us, we assume that they are valid and
legally binding upon the parties involved. We also assume that
such contracts specify the period of time for which such teachers
are employed. If such a teacher is prevented by the re-arrange-
ment of the curricula from performing the last month under his
contract, such disability of performance is through no fault of
his, and the college would be liable for such months' salary.

The Legislature did not see fit to itemize the summer
school appropriation. The appropriation merely reads, "Summer
School . . . . $9,000.00". Therefore, the expenditure of this
sum is left up to the board of directors subject to the general
provisions of the appropriation bill, and, of course, the Consti-
tution and statutes of Texas. Subsection (2) of the General Pro-
visions of the appropriation bill provides in part as follows:

"... . The rate of the salary paid an employee of an institution named herein for services during a summer session shall not exceed the salary rate paid the employee for the same or similar services during the long session of that institution."

As we have stated before, the college is liable under the contract to the teacher for his salary for the ninth month. But we know of no reason why the college could not require any or all of such teachers to teach the first month of the next semester which would in reality be the ninth month under the contract. Also, we are of the opinion that the college and the teacher may mutally agree that the last month under the contract will be performed during the second month or the third month of the next semester. If such agreements could be worked out, it would tend to equalize the number of teachers over the entire semester.

We will answer your questions in reverse order. The answer to your second question is in the affirmative. As we have indicaged, however, the teachers may be required to teach the first month in the next semester, and by mutual agreement they may teach, in lieu of the first month, either the second or third month. If the college does not require the teachers' service, however, it would still be liable under the contract.

In answer to your first question, you are advised that the items of appropriation may be used only for the specific purposes authorized, and may not be expended in the ensuing semester except as indicated in the answer to your second question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By    /signed/
   George W. Sparks
    Assistant

GWS:NBT

APPROVED MAR. 5, 1942
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION COMMITTEE
By /s/ B. W. B.
  Chairman